IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Andrew Drayton, Jr., | ) | C/A No. 0:14-1548-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State, etc, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    This is a civil action filed by a *pro se* litigant. Under Local Civil Rule 73.02(B)(2)(e) DSC, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

    On May 14, 2014, the court allowed Plaintiff an opportunity to provide additional information for initial review. (ECF No. 10.) The court also directed Plaintiff to provide the service documents necessary to advance this case. (*Id.*) Plaintiff complied with the court's order and this case is now in proper form.

**MOTION TO APPOINT COUNSEL**:

    Plaintiff has filed a motion to appoint counsel in this case. (ECF No. 8.) There is no right to appointed counsel in a case filed pursuant to 42 U.S.C. § 1983. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff's motion fails to demonstrate that exceptional circumstances exist in this case for the appointment of counsel.

    After a review of the motion, this court finds that Plaintiff presents no exceptional or unusual circumstances which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *See Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). The issues in most civil rights cases are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's motion for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is denied. (ECF No. 8.)

*PJG*

**MOTION TO PRODUCE EVIDENCE**:

Plaintiff's motion to produce seeks "all evidence concerning my legal matter that I brought before your courts: indictments, rulings, and etc." (ECF No. 18.) Absent a dispute, the court generally does not enter the discovery process which is detailed in the Federal Rules of Civil Procedure. *See generally* Fed. R. Civ. P. 26 through 37; *see also* Fed. R. Civ. P. 45. Further, the instant Complaint is recommended for summary dismissal in a separately docketed Report and Recommendation. Therefore, Plaintiff's motion to produce evidence is denied. (ECF No. 18.)

**MOTION FOR SPEEDY DISPOSITION OF CLAIMS**:

Plaintiff's motion for a speedy disposition of his claims alleges that the issues raised in the Complaint have been ongoing for years. (ECF No. 20.) Thus, Plaintiff seeks a speedy disposition of these matters. (*Id.*) As indicated above, a separately docketed Report and Recommendation has been entered in this case. Therefore, Plaintiff's motion for speedy disposition of the instant claims shall be terminated as moot. (ECF No. 20.)

**TO THE CLERK OF COURT**:

The Clerk of Court is directed *not* to issue the summons or forward this matter to the United States Marshal for service of process at this time.

**TO PLAINTIFF**:

Plaintiff must place the civil action number listed above (0:14-1548-RMG-PJG) on any document provided to the court pursuant to this order. **Any future filings in this case must be sent to the address below: (901 Richland Street, Columbia, South Carolina 29201)**. All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. *Pro se* litigants shall not use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed *not* to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

Plaintiff is a *pro se* litigant. Plaintiff's attention is directed to the following important notice:

> You are ordered to always keep the Clerk of Court advised in writing **(901 Richland Street, Columbia, South Carolina 29201)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order**. Therefore, if you have a change of address before this case is ended, you must

Page 2 of 3



comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court.  Your failure to do so will not be excused by the court.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 27, 2014
Columbia, South Carolina