IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Andrew Drayton, Jr., | ) | C/A No. 0:14-1548-RMG-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| State, etc, | ) | |
| Defendant. | ) | |

The plaintiff, Andrew Drayton, Jr. ("Plaintiff"), a self-represented litigant, brings this action alleging constitutional violations associated with a state conviction and term of imprisonment. (ECF No. 1 at 3.) Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.    Factual and Procedural History**

Plaintiff's Complaint alleges a conviction in the Ninth Judicial Circuit of South Carolina and subsequent imprisonment in 2000. (ECF No. 1 at 3, 5.) As relief, Plaintiff seeks to annul lower court records.[1] (Id. at 5.) On May 14, 2014, the court allowed Plaintiff an opportunity to provide additional information for initial review. (ECF No. 10.) In response to the court's order, Plaintiff

---

[1] To the extent Plaintiff seeks to challenge a state conviction, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement). The court observes that Plaintiff has filed such a petition in C/A No. 0:14-1573-RMG-PJG, which is currently pending.



filed a statement of claim alleging that he was never properly indicted for his state court offense, was not provided a speedy trial in state court, and was not given a transcript of the trial and other state court proceedings. (ECF No. 1-3 at 1.) Plaintiff also alleged constitutional violations associated with his imprisonment to include "feeding, health, safety, oppression, and etc, pain/suffering." (Id.) Plaintiff did not seek any further relief. (Id. at 3.) Plaintiff submitted a brief, in which he claims that he was wrongfully imprisoned and mistreated by the courts, law enforcement and other state agencies. (ECF No. 1-4 at 1.) A letter received from Plaintiff further asserts that state records reflect that a possession of cocaine charge, for which Plaintiff was incarcerated in 2000, has been dismissed. (ECF No. 16.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).



This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere



conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Liberally construed, the Complaint alleges a violation of Plaintiff's right to due process under the Fourteenth Amendment and wrongful imprisonment in violation of the Fourth Amendment by the State of South Carolina. (ECF No. 1 at 1, 3.) However, the Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[2] Therefore, Plaintiff's claims against the State of South Carolina are barred by the Eleventh Amendment. As such, the State is entitled to summary dismissal from this action.

---

[2] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).



### III.     Conclusion and Recommendation

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process.

June 27, 2014  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).