# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Drayton, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 0:14-1548 |
| ) | |
| vs. ) | |
| ) | Fourth Circuit Appeal No. 15-6471 |
| State, etc. ) | |
| Defendant. ) | |
| ) | **ORDER** |
| ) | |

This matter comes before the Court on a limited remand from the United States Court of Appeals for the Fourth Circuit to determine whether Plaintiff-Appellant is entitled to relief under Federal Rules of Appellate Procedure 4(a)(6) from the otherwise untimely filing of his notice of appeal. By way of background, this Court entered an order on July 3, 2014, summarily dismissing this action. (Dkt. No. 26). Plaintiff had 30 days to file his appeal unless the time was extended pursuant to Fed. R. App. P. 4(a)(5) or (a)(6). Plaintiff filed with the District Court on September 8, 2014, a document titled "motion of disclosure" in which he requested some clarification of the status of his case because he had been informed that his case was closed and had not received a copy of the Court's order closing his case. (Dkt. No. 32). Plaintiff thereafter filed his notice of appeal on September 25, 2014. (Dkt. No. 33). The Fourth Circuit entered an order on September 4, 2015, remanding this matter to the District Court for the limited purposes of determining whether Plaintiff's filing of September 8, 2014, might be deemed a motion to reopen the time to file an appeal pursuant to Fed. R. App. P. 4(a)(6) and, if so, whether Plaintiff was entitled to relief under that provision. *Drayton v. State*, ___ F. App'x ___, 2015 WL

5167699 (4th Cir. 2015).

Fed. R. App. P. 4(a)(6) authorizes a district court to reopen the time to file an appeal for a period of 14 days if (1) the moving party did not receive notice of the judgment within 21 days after entry of judgment; (2) the motion is filed the earliest of 180 days from the entry of judgment or within 14 days after receiving notice of the judgment; and (3) no party is prejudiced by the reopening of the time to file an appeal. After receiving the order of limited remand, this Court entered an order on September 4, 2015, directing the parties to file any documents or other information with 30 days "which indicate the date the Plaintiff received the District Court's order of July 3, 2014, or any other evidence which may bear upon Plaintiff's right to reopen the time to file an appeal." (Dkt. No. 41). Plaintiff filed a reply to this order on September 14, 2015. (Dkt. No. 44).

The record indicates that the Magistrate Judge filed a Report and Recommendation ("R & R") on June 27, 2014, recommending the summary dismissal of the case without prejudice and without service or issuance of process. (Dkt. No. 22). The ECF indicated that Plaintiff had until July 14, 2014, to file objections. (Dkt. No. 22). Plaintiff filed objections to the R & R on July 2, 2014. (Dkt. No. 25). The Court entered an order on July 3, 2014, adopting the R & R and dismissing the case without prejudice and without service or issuance of process. (Dkt. No. 26). The judgment was entered and the order was mailed to the Plaintiff on that same day, July 3, 2014. Plaintiff filed an additional document on July 10, 2014, again noting his objection to the R & R of the Magistrate Judge and moving for appointment of counsel and other relief. (Dkt. No. 29). Plaintiff made no reference in his July 10, 2014 filing to the Court's July 3, 2014 order. Plaintiff made supplemental filings with the District Court on July 10, 2014, and August 8, 2014,

referencing the R & R and making no indication he was aware of the Court's July 3, 2014 order dismissing the action. (Dkt. Nos. 30, 31). Plaintiff thereafter filed a document with the Court dated September 8, 2014, titled "motion for disclosure," in which he indicated he had learned that his case was closed and requested details since he had not received anything in writing advising him of this. (Dkt. No. 32). Plaintiff filed his notice of appeal on September 25, 2014. (Dkt. No. 33).

Based upon the foregoing, the Court finds that although the Clerk mailed him the Court's order of July 3, 2014, it is most probable he did not receive a copy of this order. Recognizing the Court's obligation to read any filing of a *pro se* litigant liberally, the Court finds it is reasonable to interpret the filing of September 8, 2014, to the District Court as a request for relief under Fed. R. App. P. 4(a)(6).

The Rule further requires a showing that Plaintiff made his 4(a)(6) motion within the earliest of 180 days from the date of judgment or 14 days from his notice of the entry of judgment. Fed. R. App. P. 4(a)(6)(B). Although there is no specific evidence regarding the date when Plaintiff discovered that his case on been closed, his diligence in filing various documents regarding his appeal makes it most probable that it was a period of time less than 14 days between the date he learned his case had been closed and the filing of the document of September 8, 2014. The Court is aware of no evidence that the non-moving party would suffer any prejudice if Plaintiff was provided relief under Fed. R. App. P. 4(a)(6).

## Conclusion

Based upon the foregoing, the Court finds that Plaintiff's September 8, 2014 document (Dkt. No. 32) should be deemed a motion to reopen the time to file an appeal and that the

-3-

circumstances at that time warranted the reopening Plaintiff's time to appeal.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court

October 14, 2015
Charleston, South Carolina